# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

NASEEN SHARIF-MITCHELL,

    Plaintiff,

v.                                                 Case No. 2:20-cv-2400

MEMPHIS LIGHT, GAS &
WATER DIVISION

    Defendant.

## DEFENDANT MEMPHIS LIGHT, GAS AND WATER DIVISION'S MOTION FOR SUMMARY JUDGMENT

Defendant, Memphis Light, Gas and Water ("MLGW" or "Defendant"), by and through undersigned counsel, and hereby submits its Motion for Summary Judgment and Memorandum in Support pursuant to Fed. R. Civ. P. 56.

As set forth in its accompanying Memorandum, summary judgment in this matter is proper. As a matter of law, Plaintiff cannot establish claims of discrimination or retaliation under Title VII of the 1964 Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADAAA"), or the Age Discrimination in Employment Act ("ADEA"). First, Plaintiff's Title VII and ADEA discrimination and retaliation claims are time-barred and should be dismissed. However, even if these claims are viable, MLGW did not discriminate against Plaintiff on the basis of her race or age. Plaintiff cannot establish her prima facie claims of race or age discrimination, as she cannot point to a similarly-situated comparator who received favorable treatment. Even if she can meet her prima facie case, there is simply no evidence in the record of race or age animus toward Plaintiff.

Additionally, Plaintiff cannot claim disability discrimination. Plaintiff fails to establish a prima facie claim under the ADAAA. First, Plaintiff could not perform the essential functions of her position without MLGW effectively creating a new position for her, which would result in an undue hardship to MLGW. Moreover, Plaintiff cannot establish that MLGW took any adverse action against her. MLGW engaged in the interactive process with Plaintiff, determined that the accommodation requested by Plaintiff was an undue burden, and continued Plaintiff on short-term disability. MLGW did not terminate Plaintiff's employment; Plaintiff resigned. Finally, Plaintiff cannot present any evidence that MLGW retaliated against her whatsoever, as her claims of retaliation are mixed with her claims of race and age discrimination.

Because viewing the facts in the light most favorable to the Plaintiff, there is no genuine dispute of material fact, and Plaintiff still cannot meet her burdens of proof. Thus, Plaintiff's claims must be dismissed.

Dated: August 8, 2022.                                   Respectfully submitted,

**REIFERS HOLMES & PETERS LLC**

*s/ Elizabeth S. Rudnick*
Rodrick D. Holmes - TN BPR # 24501
Elizabeth S. Rudnick - TN BPR #26750
Emily A. Warwick - TN BPR # 37654
80 Monroe Avenue, Suite 410
Memphis, TN 38103
Telephone: (901) 521-2860
Facsimile: (901) 521-2861
rholmes@rhpfirm.com
erudnick@rhpfirm.com
ewarwick@rhpfirm.com

*Attorneys for Defendant Memphis Light, Gas & Water Division*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on this 8th day of August 2022, a true and exact copy of the foregoing document has been served via electronic mail upon the following counsel for Plaintiff:

Jason Hines, Esq.
Mark Schirmer, Esq.
REAVES LAW FIRM
1991 Corporate Avenue, Suite 310
Memphis, TN 38132
jason.hines@beyourvoice.com
mark.schirmer@beyourvoice.com

            *s/ Elizabeth S. Rudnick*
            Elizabeth S. Rudnick